**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**MICHELLE MARSHALL,**

                            **Plaintiff,**

      **vs.**                                              **5:13-cv-00943
                                                              (MAD/TWD)**

**CAROLYN W. COLVIN,**
*Acting Commissioner of Social Security*,

                            **Defendant.**
_____

**APPEARANCES:**                                  **OF COUNSEL:**

**THE LAW OFFICE OF PETER W.**        **PETER W. ANTONOWICZ, ESQ.**
**ANTONOWICZ, ESQ.**
148 West Dominick Street
Rome, New York 13440
Attorneys for Plaintiff

**SOCIAL SECURITY ADMINISTRATION**    **TOMASINA DIGRIGOLI, ESQ.**
Office of General Counsel
26 Federal Plaza, Room 3904
New York, New York 10278
Attorneys for Defendant

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

      Plaintiff Michelle Marshall brings this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c), seeking judicial review of the Commissioner of Social Security's ("Commissioner") decision to deny her application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under the Social Security Act. Before the Court are the parties' cross-motions for judgment on the pleadings. *See* Dkt. Nos. 14, 18. This matter was referred to United States Magistrate Judge Thérèse Wiley Dancks for a Report and Recommendation pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(d), familiarity with which is assumed.

Plaintiff filed an application for DIB benefits on January 17, 2012 and an application for SSI benefits on February 2, 2012, both alleging a disability onset of September 6, 2009. Dkt. No. 10 at 188-97. On April 6, 2012, Plaintiff's applications were initially denied, and upon Plaintiff's request, a hearing was held on November 15, 2012. *Id.* at 24. On November 30, 2012, the Administrative Law Judge ("ALJ") issued a decision denying Plaintiff's claim for benefits, finding that Plaintiff was not disabled within the meaning of the Social Security Act (the "Act"). *Id.* at 19-29. Plaintiff timely filed a request for a review of the ALJ's unfavorable hearing decision. *See id.* at 8-15. The Appeals Council denied review by letter dated July 7, 2013, thereby making the ALJ's decision the final determination of the Commissioner. *See id.* at 1-7.

On August 8, 2013, Plaintiff commenced this action seeking judicial review of the Commissioner's unfavorable decision. *See* Dkt. No. 1. Plaintiff alleges that: (1) the ALJ failed to properly evaluate the medical opinion evidence in accordance with the applicable regulations; and (2) the ALJ's credibility analysis is flawed. *See* Dkt. No. 14.

In her Report-Recommendation and Order dated September 15, 2014, Magistrate Judge Dancks recommended that the matter be remanded for further proceedings. Dkt. No. 20 at 9. With respect to Plaintiff's arguments regarding the ALJ's evaluation of the medical opinion evidence in the record, Magistrate Judge Dancks found that the ALJ erred by assigning little weight to treating psychiatrist Dr. Mehrhof's opinions without providing good reasons for doing so, considering all relevant factors, or seeking additional information from Dr. Mehrhof in support of his opinions under the ALJ's duty to develop the administrative record. *Id.* at 12-14. Magistrate Judge Dancks further concluded that the ALJ failed to employ the proper legal standards in assessing the credibility of Plaintiff's statements regarding her mental impairments and to adequately specify his reasons for rejecting Plaintiff's subjective complaints. *Id.* at 19-21.

Magistrate Judge Dancks also noted that if upon remand, the Commissioner determines that Dr. Mehrhof's opinions ought to have been assigned greater weight or Plaintiff's testimony afforded greater credibility, then the questions posed to the Vocational Expert at the November 15, 2012 hearing would not have expressed the full extent of Plaintiff's disabilities, and the Commissioner "should reevaluate whether there are any jobs existing in the national economy for Plaintiff to perform in light of the additional limitation." *Id.* at 22. Neither party has objected to Magistrate Judge Dancks' Report-Recommendation and Order.

In reviewing the Commissioner's final decision, the Court must determine whether the Commissioner applied the correct legal standards and whether there is substantial evidence to support the decision. *See Urtz v. Callahan*, 965 F. Supp. 324, 326 (N.D.N.Y. 1997) (citing *Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir. 1987)). The Commissioner is ultimately responsible for determining a claimant's eligibility; however, an ALJ makes the actual disability determination. The decision of the ALJ is subject to judicial review on appeal. A court may not affirm an ALJ's decision if it reasonably doubts that the ALJ applied the proper legal standards, even if it appears that the ALJ's decision is supported by substantial evidence. *See Johnson*, 817 F.2d at 986. The ALJ must set forth the crucial factors justifying his findings with sufficient specificity to allow a court to determine whether substantial evidence supports the decision. *See Ferraris v. Heckler*, 728 F.2d 582, 587 (2d Cir. 1984).

When a party makes specific objections to a magistrate judge's report, the district court engages in *de novo* review of the issues raised in the objections. *See Farid v. Bouey*, 554 F. Supp. 2d 301, 307 (N.D.N.Y. 2008). When a party fails to make specific objections, the court reviews the magistrate judge's report for clear error. *See id.*; *see also Gamble v. Barnhart*, No. 02-CV-1126, 2004 WL 2725126, *1 (S.D.N.Y. Nov. 29, 2004).

Having carefully reviewed the Report-Recommendation and Order, the parties' submissions, and the applicable law, the Court finds that Magistrate Judge Dancks correctly determined that the ALJ failed to properly evaluate the medical opinion evidence and assess Plaintiff's credibility. *See* Dkt. No. 20 at 12-14, 20-21. As such, the Court finds that Magistrate Judge Dancks correctly determined that the decision of the Commissioner be vacated and the matter be remanded.

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Dancks' September 15, 2014 Report and Recommendation is **ADOPTED** in its entirety for the reasons stated therein; and the Court further

**ORDERS** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 14) is **GRANTED**; and the Court further

**ORDERS** that Defendant's motion for judgment on the pleadings (Dkt. No. 18) is **DENIED**; and the Court further

**ORDERS** that the Commissioner's decision denying disability benefits is **VACATED** and this matter is **REMANDED** to the Commissioner for further proceedings consistent with Magistrate Judge Dancks' Report-Recommendation; and the Court further

**ORDERS** that the Clerk shall enter judgment and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: October 9, 2014
       Albany, New York

Mae A. D'Agostino
U.S. District Judge