**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**MICHELLE MARSHALL,**

                     **Plaintiff,**

   **vs.**                                                 **5:13-cv-00943
                                                       (MAD/TWD)**

**CAROLYN W. COLVIN,
Acting Commissioner of Social Security,**

                     **Defendant.**
_____

**APPEARANCES:**                                    **OF COUNSEL:**

**OFFICE OF PETER W. ANTONOWICZ**     **PETER W. ANTONOWICZ, ESQ.**
148 West Dominick Street
Rome, New York 13440
Attorney for Plaintiff

**SOCIAL SECURITY ADMINISTRATION**     **TOMASINA DIGRIGOLI, ESQ.**
Office of Regional General Counsel
Region II
26 Federal Plaza - Room 3904
New York, New York 10278
Attorney for Defendant

**Mae A. D'Agostino, U.S. District Judge:**

## DECISION AND ORDER

### I. INTRODUCTION

      On August 8, 2013, Plaintiff Michelle Marshall commenced suit pursuant to 42 U.S.C. § 405(g) seeking a review of the Commissioner's decision to deny her application for disability insurance benefits ("DIB") and supplemental security income ("SSI"). Dkt. No. 1 at 2. The parties' familiarity with the background and procedural history of this case is assumed based upon this Court's previous Order, dated October 9, 2014, adopting the Report and Recommendation of Magistrate Judge Therese Wiley Dancks dated September 15, 2014. Dkt. No. 21; Dkt. No. 20.

Presently before the Court is Plaintiff's motion for an award of attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Dkt. No. 23 at 1. The Commissioner has not opposed the motion.

## II. DISCUSSION

**A.  Standard of Review**

The EAJA provides as follows:

> [A] court shall award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action . . . including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). In order for a party to be awarded attorney's fees under the EAJA, the plaintiff must: 1) demonstrate he or she is the prevailing party; 2) demonstrate he or she is eligible to receive an award; 3) enumerate the amount sought; 4) show the rate at which fees were computed; and 5) allege that the position of the United States was not substantially justified. *See* 28 U.S.C. § 2412(d)(1)(B).

The amount of an attorney-fee award under the EAJA is determined by examining the amount of time expended and the attorney's rate, which is capped by statute. *See Hogan v. Astrue*, 539 F. Supp. 2d 680, 682 (W.D.N.Y. 2008) (citations omitted). The court has broad discretion in determining whether the amount of time an attorney has expended is reasonable; however, the burden to prove reasonableness is on the plaintiff. *See id.* at 682 (citing *Aston v. Sec'y of Health and Human Svcs.*, 808 F.2d 9, 11 (2d Cir. 1986)).

Courts have held that the substantially justified standard "is intended to caution agencies to carefully evaluate their case and not to pursue those which are weak or tenuous. At the same time, the language of the section protects the government when its case, though not prevailing, has a reasonable basis in law and fact." *Cohen v. Bowen*, 837 F.2d 582, 585 (2d Cir. 1988) (quoting H.R. Rep. No. 96-1418, 96th Cong., 2d. Sess., 11(1980), reprinted in 1980 U.S.C.C.A.N. 4993); *see also Henriquez v. Chater*, No. 94 Civ. 7699, 1997 WL 45351, *1-*2 (S.D.N.Y. Feb. 5, 1997). The party seeking attorney's fees must allege that the position of the Government was not "substantially justified." *Butts v. Astrue*, 565 F. Supp. 2d 403, 406 (N.D.N.Y. 2008) (citing 28 U.S.C. § 2412(d)(1)(B)). Once the plaintiff has done so, the burden shifts to the Government to establish that its opposition was substantially justified. *See Commodity Futures Trading Comm'n v. Dunn*, 169 F.3d 785, 786 (2d Cir. 1999). In order to determine whether the Government was "substantially justified, courts are to apply a standard of reasonableness." *Green v. Bowen*, 877 F.2d 204, 207 (2d Cir. 1989) (citing *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)).

The legislative history of the EAJA indicates that the substantial justification standard "'should not be read to raise a presumption that the Government position was not substantially justified, simply because it lost the case.'" *Cohen*, 837 F.2d at 585 (quotation omitted). However, the Government has the burden of proof on the substantial justification issue and a "strong showing" is required to satisfy this burden. *Envtl. Defense Fund, Inc. v. Watt*, 722 F.2d 1081, 1085 (2d Cir. 1983); *see also Rosado v. Bowen*, 823 F.2d 40, 42 (2d Cir. 1987) (holding that the Government must show that its action was justified in law and fact). The Government cannot prevail by arguing that it was substantially justified in some of the positions it took if it was not substantially justified on all the positions. *See Maxey v. Chater*, No. 93-CV-606, 1996 WL 492906, *3 (N.D.N.Y. Aug. 28, 1996) (citing *Myers v. Sullivan*, 916 F.2d 659, 666 n.5 (11th Cir.

1990) (holding that the Government must establish that all its litigation positions were substantially justified)).

**B.     Analysis**

*1. Attorney Fees*

In the present matter, Plaintiff claims that an EAJA award is available as: (1) Plaintiff's net worth did not exceed $1,000,000 at the time the action was filed; (2) Plaintiff was a "prevailing party" in a case against the Government; and (3) the Government's position was not substantially justified. Dkt. No. 23-1 at 1. Plaintiff contends that Defendant's position was not substantially justified, and as the instant motion is unopposed, lack of substantial justification is therefore "impliedly admitted." *Id.*; *Livingston v. Sec. of Health and Human Servs.*, No. CIV-87-622E, 1989 WL 122085, *1 (W.D.N.Y. Oct. 13, 1989).

Plaintiff requests this Court to award $6,388.49 for 32.9 hours of attorney work. Dkt. No. 23-1 at 1; Dkt. No. 23-3 at 2. When assessing whether to award attorney's fees to a prevailing party, a court has broad discretion to determine whether the amount of time an attorney has expended is reasonable. *Crudele v. Chater*, No. 92 CIV. 7912, 1997 WL 198076, *5 (S.D.N.Y. Apr. 23, 1997) (citing *Aston v. Secretary of Health and Human Servs*, 808 F.2d 9, 11 (2d Cir. 1986)). The specific facts of each case determine what fee is appropriate. *See Ferguson v. Apfel*, No. 98-CV-3728, 2000 WL 709018, *2 (E.D.N.Y. Apr. 17, 2000) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983)). District courts in the Second Circuit have held that, on average, an attorney spends twenty to forty hours on routine social security cases. *Cruz v. Apfel*, 48 F. Supp. 2d 226, 231 (E.D.N.Y. 1999); *see also Grey v. Chater*, No. 95 CIV. 8847, 1997 WL 12806, *2 (S.D.N.Y. Jan. 14, 1997); *Hogan v. Astrue*, 539 F. Supp. 2d 680, 682 (W.D.N.Y. 2008).

Here, Defendant has not opposed the motion and, therefore, does not specifically object to the reasonableness of the 32.9 hours of attorney work allegedly expended by Plaintiff's counsel. The time spent by Plaintiff's counsel is within the generally accepted average, and the supporting documentation submitted by counsel itemizing his time spent is sufficient for this Court to find his expenditure of hours to be reasonable. *See* Dkt. No. 23-3. Moreover, as Defendant has not taken issue with the alleged hours worked or hourly rate, the Court will not engage in an analysis of the time spent or the billing rate. *See Martinez v. Astrue*, No. 08-CV-117, 2010 WL 890953, *4 (N.D.N.Y. Mar. 9, 2010) (citations omitted). Accordingly, the Court awards attorney's fees and costs in the amount of $6,388.49.

### *2. To Whom is Award Paid*

In the Affirmation of Counsel, counsel asserts that Plaintiff petitions this Court for an allowance of "fees to which counsel will become entitled" in the amount of $6,388.49, under 42 U.S.C. § 406(b). *See* Dkt. No. 24 at 1, 4. The record includes an affidavit from Plaintiff asserting that she "seek[s] an allowance of a 'counsel fee award' . . . ." Dkt. No. 23-5 at 1.

"The fact that the [EAJA] awards to the prevailing party fees in which her attorney may have a beneficial interest or a contractual right does not establish that the statute 'awards' the fees directly to the attorney." *Astrue v. Ratliff*, 560 U.S. 586, 593 (2010). Instead, the EAJA "'awards' the fees to the litigant, and thus subjects them to a federal administrative offset if the litigant has outstanding federal debts." *Id.* Accordingly, consistent with the application of *Ratliff* within this Circuit, "'the name on the check must be plaintiff's and not her attorney's.'" *Manning*, 2011 WL 6842617, at *2 (quoting *Scott v. Astrue*, No. 08–CV–910A, 2011 WL 32544, *3 (W.D.N.Y. Jan. 5, 2011)).

Thus, this Court directs that the check shall be made payable to Plaintiff, but that the Commissioner shall mail the check to Plaintiff's attorney in recognition of the agreement between counsel and client. *See Mirabito v. Comm'r of Soc. Sec.*, No. 5:13-cv-462, 2014 WL 1341928, *2 n.2 (N.D.N.Y. Apr. 4, 2014) (citation omitted).

### III. CONCLUSION

Based upon the foregoing, the Court hereby

**ORDERS** that Plaintiff's motion for attorney's fees and costs (Dkt. No. 23) is **GRANTED** in the amount of $6,388.49 for attorney's fees; and the Court further

**ORDERS** that the check shall be made payable to Plaintiff and that the Commissioner shall mail payment to Plaintiff's attorney; and the Court further

**ORDERS** that the Clerk of the Court shall serve the parties with a copy of this Decision and Order in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: February 6, 2015
      Albany, New York

Mae A. D'Agostino
U.S. District Judge